869 F.2d 594
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
SWEENEY COMPANY OF MARYLAND, Plaintiff-Appellee,
v.
ENGINEERS-CONSTRUCTORS, INC.; Rentenbach Constructors,
Inc.; Federal Insurance Company, Defendants-Appellants.
SWEENEY COMPANY OF MARYLAND, Plaintiff-Appellant,
v.
ENGINEERS-CONSTRUCTORS, INC.; Rentenbach Constructors,
Inc.; Federal Insurance Company, Defendants-Appellees.
 Nos. 88-3918, 88-3932.
 United States Court of Appeals, Fourth Circuit.
 Argued: Nov. 3, 1988.
Decided: Feb. 10, 1989.
 
 Samuel W. Hixon, III (William R. Mauck, Jr., Williams, Mullen, Christian & Dobbins; Richard T. Sowell, Wanda G. Sobieski, Baker, Worthington, Crossley, Stansberry & Woolf, on brief), for appellants.
 Howard Gary Goldberg (Ralph L. Arnsdorf, Smith, Somerville & Case, on brief), for appellee.
 Before ERVIN and WILKINSON, Circuit Judges, and TERRENCE WILLIAM BOYLE, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 In Sweeney Co. of Maryland v. Engineers-Constructors, Inc., 823 F.2d 805 (4th Cir.1987), an earlier appeal in this litigation, we remanded for more detailed findings on Sweeney's obligations as a subcontractor to Engineers-Constructors, Inc. ("E-C"), and on the amounts E-C owed Sweeney for an alleged wrongful termination. The district court found on remand that E-C had rightfully terminated Sweeney, but that Sweeney had not lost its right to payment for work completed under the subcontract. E-C has appealed the district court's calculation of the amounts due Sweeney for work completed and of the offset due E-C for its costs of completion. Sweeney has cross-appealed, arguing that if we reverse the judgment in its favor, we should also reverse the determination that E-C rightfully terminated it. We affirm the district court's findings and its $177,157.15 judgment in favor of Sweeney.
 
 
 2
 The issues on this appeal resolve into a number of challenges to the district court's findings of fact on the parties' obligations under the subcontract. We may not disturb these findings unless they are shown to be clearly erroneous. Fed.R.Civ.P. 52(a); Sweeney, 823 F.2d at 807; Continental Casualty Co. v. Burton, 795 F.2d 1187, 1193 (4th Cir.1986) (citing Anderson v. City of Bessemer, 470 U.S. 564 (1985)). No clear error appears in the factual findings on remand, and we therefore affirm on the basis of the district court's opinion. Sweeney Co. of Maryland v. Engineers-Constructors, Inc., C/A No. 85-0852-R (E.D.Va. January 7, 1987). Because we affirm the judgment in Sweeney's favor, we need not address the issues Sweeney presents in its conditional cross-appeal.
 
 
 3
 AFFIRMED.